1  MATTHEW C. BROWN / SBN: 191871
2  790 EAST GREEN STREET
   PASADENA, CALIFORNIA 91101
3  TEL: 626.449.4963 / FAX: 626.449.0215
   E-MAIL: MBROWN@BROWN-LAW.COM
4
   Attorney for: Defendants,
5  ROBERT V. KVASSAY, TRUSTEE
   OF THE KVASSAY FAMILY TRUST
6  DATED FEBRUARY 26, 1993 and
7  ROBERT V. KVASSAY, an individual

FILED JUN 20 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re RICHARD STEPHEN KVASSAY,<br><br>Debtor.<br>_____<br>RICHARD STEPHEN KVASSAY,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT V. KVASSAY, TRUSTEE<br>OF THE KVASSAY FAMILY TRUST<br>DATED FEBRUARY 26, 1993 and<br>ROBERT V. KVASSAY, an individual;<br><br>Respondent. | Case No.    2:11-bk-11698-DS<br><br>Chapter    7<br><br>Adv. No.    2:16-ap-01502-DS<br><br>**DEFENDANT ROBERT V. KVASSAY'S OPPOSITION TO PLAINTIFF RICHARD S. KVASSAY'S MOTION FOR PARTIAL SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:    June 11, 2017<br>Hearing Time:    2:00 p.m.<br><br>Hon. Deborah J. Saltzman<br>United States Bankruptcy Judge<br><br>United States Bankruptcy Court<br>Edward R. Roybal Federal Building<br>Courtroom 1639<br>255 East Temple Street<br>Los Angeles, CA 90012 |

/ / /

/ / /

/ / /

1

OPPOSITION TO MOTION FOR SUMMARY ADJUDICATION

ROBERT V. KVASSAY ("Trustee"), TRUSTEE OF THE KVASSAY FAMILY TRUST DATED FEBRUARY 26, 1993 (the "Trust") and ROBERT V. KVASSAY, an individual ("Robert"), (together "Defendants"), does hereby oppose the MOTION FOR PARTIAL SUMMARY ADJUDICATION (the "Motion") filed herein by RICHARD S. KVASSAY ("Richard" or "Plaintiff") on May 30, 2017, and alleges as follows:

1. Plaintiff's motion seeks a summary determination and declaration that certain alleged claims are discharged debts.

2. Plaintiff specifically alleges that the following are discharged debts:

"(1)  claims in the amounts of $212,500 and $187,200, respectively, made on the basis of a contract executed by plaintiff and defendant on January 12, 2007 referred to by the parties as the "Working Plan;" (the "Item 1 Claims")

(2)  a $192,660 joint and several judgment against plaintiff dated December 12, 2012 arising from a debt incurred by plaintiff beginning October, 2010; (the "Item 2 Claim")

(3)  attorney's fees' and costs of $116,805.37 paid by defendant beginning July 14, 2010 which defendant is seeking to "surcharge" against plaintiff's beneficial interest in a living trust; (the "Item 3 Claim")

(4)  loan payments of $284,114.45 paid by defendant beginning July 1, 2010 which defendant is seeking to "surcharge" against plaintiff's beneficial interest in a living trust; (the "Item 4 Claims") and

(5)  a $973,500 joint and several judgment against plaintiff dated August 5, 2015 based on a state court finding of acts purportedly committed by plaintiff from July, 2007 through sometime in 2009." (the "Item 5 Claims") *[Motion, p. 2, lines 6-24]*

///
///
///
///
///

# MEMORANDUM OF POINTS AND AUTHORITIES

## The Item 1 Claims

3. The Item 1 Claims contain two parts: first, the $212,500 amount, and second, the $187,200 amount.

### The $212,500 Amount

4. The $212,500 amount is not a claim asserted against Plaintiff as a personal liability.

5. The $212,500 amount is simply a trustee fee, to be paid from the Trust to Robert for his services as Trustee.

6. The $212,500 amount is an administration expense of the Trust.

7. Robert is entitled to a reasonable fee for his services as Trustee of the Trust (Probate Code §§ 15681 and 17200(a)), and the fixing of that fee is a matter under the exclusive jurisdiction of the Probate Court (Probate Code § 17200(a)).

8. Any reference to the "Working Plan" in connection with the $212,500 amount is irrelevant, because the true and proper characterization of the amount is a "trustee fee."

### The $187,200 Amount

9. As with the aforementioned $212,500 amount, the $187,200 is not a claim asserted against Plaintiff as a personal liability.

10. The $187,200 amount is simply a trustee fee that Robert is asking to be approved by the Probate Court for services rendered by him as Trustee.

11. The $187,200 amount is an administration expense of the Trust.

12. Robert is entitled to a reasonable fee for his services as Trustee of the Trust (Probate Code §§ 15681 and 17200(a)), and the fixing of that fee is a matter under the exclusive jurisdiction of the Probate Court (Probate Code § 17200(a)).

13. Any reference to the "Working Plan" in connection with the $187,200 amount is irrelevant, because the true and proper characterization of the amount is a "trustee fee."

/ / /

/ / /

### The Item 2 Claim

14. The $192,660 amount referenced as part of the Item 2 Claim is not a claim being asserted against Plaintiff as a personal liability.

15. Rather, the aforementioned amount represents forfeiture of a cash deposit posted with the California Superior Court by *someone other than Plaintiff* in connection with one of Plaintiff's many appeals of the various orders issued by the Probate Court.

16. Plaintiff explicitly acknowledges in the Motion that the $192,660 amount is tied primarily to the Probate Court's determination of the fair market rental value for Trust property occupied by Plaintiff . . . primarily during a post-petition period (i.e. from January 13, 2011 through May 21, 2012). *[Motion, pp. 12-14, lines 17-10]*

17. Contrary to Plaintiff's assertion, the "192,660 joint and several judgment" is not a discharged pre-petition debt. *[See, Motion, p. 14, lines 8-10]*

### The Item 3 Claim

18. The $116,805.37 amount referenced as part of the Item 3 Claim is not a claim being asserted against Plaintiff as a personal liability.

19. The $116,805.37 amount referenced as part of the Item 3 Claim is claim for attorney fees incurred by the Trustee in connection with his administration of the Trust, and more specifically in connection with litigation between Plaintiff and Defendant(s).

20. The $116,805.37 amount is an administration expense of the Trust.

21. Defendants are not asserting that Plaintiff has personal liability for the aforementioned amount of attorney fees incurred by the Trustee.

22. Rather, if it turns out that the Trust has any residual assets after payment of debts, expenses and the specific bequests called for in the instrument setting forth the terms of the Trust (which is the only portion of the Trust that Plaintiff has any potential interest in) then those fees should be charged in part against Plaintiff's share of the residue.

23. As of the time of filing of this response, it is unknown whether or not there will be any residue of the Trust after payment of debts, expenses and the specific bequests called for in the instrument setting forth the terms of the Trust.

24. If there is a residue (which is highly doubtful, it is appropriate for the Probate Court to allocate fees and costs among the beneficiaries of the Trust under it's equitable powers. (Rudnick v. Rudnick (2009) 179 Cal.App.4th 1328 and Estate of Ivey (1994) 22 Cal.App.4th 873).

### The Item 4 Claim

25. The $284,114.45 amount referenced as part of the Item 4 Claim is not a claim being asserted against Plaintiff as a personal liability.

26. The $284,114.45 amount referenced as part of the Item 4 Claim is claim for reimbursement of loan payments made by Robert from his personal funds in order to prevent the loss of Trust property . . . to be reimbursed to Robert from assets of the Trust (Probate Code § 15684).

27. The $284,114.45 amount is a cost of administration of the Trust.

28. Defendants are not asserting that Plaintiff has personal liability for the aforementioned amount.

29. Rather, if it turns out that the Trust has any residual assets after payment of debts, expenses and the specific bequests called for in the instrument setting forth the terms of the Trust (which is the only portion of the Trust that Plaintiff has any potential interest in) then the aforementioned loan payments should be charged in part against Plaintiff's share of the residue.

30. As of the time of filing of this response, it is unknown whether or not there will be any residue of the Trust after payment of debts, expenses and the specific bequests called for in the instrument setting forth the terms of the Trust.

31. If there is a residue (which is highly doubtful, it is appropriate for the Probate Court to allocate fees and costs among the beneficiaries of the Trust under it's equitable powers. (Rudnick v. Rudnick (2009) 179 Cal.App.4th 1328 and Estate of Ivey (1994) 22 Cal.App.4th 873).

/ / /

/ / /

### The Item 5 Claim

32. The $973,500.00 amount referenced as part of the Item 5 Claim is not a claim being asserted against Plaintiff as a personal liability.

33. The $973,500.00 amount referenced as part of the Item 5 Claim represents a net amount taken from the Trust by Plaintiff and never transferred back to the Trust.

34. Since the $973,500.00 was never transferred back to the Trust by Plaintiff, it is in essence a "distribution" from the Trust to Plaintiff.

35. The Probate Court has exclusive jurisdiction over matters concerning the internal affairs of the Trust (Probate Code § 17200(a)), and when there is a "final" accounting of Trust assets (<u>which has not yet occurred</u>) it will determine how the aforementioned $973,500.00 that remains "missing" from the Trust should ultimately be characterized.

### Conclusion

36. Since Defendants are not seeking any payments from Plaintiff as a personal liability in connection with the aforementioned claims, the Motion is a futile and meaningless exercise.

37. There has been no evidence presented by Plaintiff in connection with the Motion to indicate that the Trust will have <u>any residue whatsoever</u> to distribute to the residuary beneficiaries of the Trust . . . including Plaintiff, Robert and their brother.

38. Since there is no final accounting for the Trust, it is too early to know whether or not there will be any residue of the Trust.

39. If it turns out that there is a residue of the Trust, and there is any dispute as to how that money should be distributed, it is proper for the Probate Court to resolve that issue . . . and if Plaintiff then contends that this bankruptcy court should make that decision at some future time, then Plaintiff is free to then seek appropriate rulings from this bankruptcy court.

40. Further, the aforementioned claims do not constitute "pre-petition" debts of Plaintiff; rather, they are simply administration expenses of the Trust (as to the Items 1, 3

and 4 Claims), a forfeiture of money by someone other than Plaintiff in connection with an appeal associated with occupancy of Trust property primarily during a post-petition period (as to the Item 2 Claim) and what will likely end of being characterized by the Probate Court as a preliminary distribution of Trust assets to Plaintiff (as to the Item 5 Claim) . . . when a final accounting is presented to the Probate Court at some future date.

**WHEREFORE**, Defendants respectfully request that the relief requested by Plaintiff in the Motion be <u>denied</u>, and that the Court instead issue such other orders as may be appropriate to dispose of the Motion and allow matter of trust administration and trust supervision to continue in the Probate Court.

Dated: June 20, 2017

_____
Matthew C. Brown, for Defendants,
the Trustee and Robert

OPPOSITION TO MOTION FOR SUMMARY ADJUDICATION

## PROOF OF SERVICE OF

1. I am over 18 years of age, not a party to this action and employed in Los Angeles County, California.

2. My business address is 790 East Green Street, Pasadena, California 91101.

3. On June 20, 2017 I served the foregoing document on Plaintiff / Moving Party by placing a copy thereof in a sealed envelope addressed as follows:

**Troy Alvord Stewart**
**P.O. Box 390**
**Glendale, CA 91209**

and deposited that envelope, with postage thereon fully paid, in the United States mail at Pasadena, California.

Further, a true and correct copy of the foregoing document will be delivered to:

**Judge Deborah J. Saltzman**
**Edward R. Roybal Building and Courthouse**
**255 Temple Street**
**Bin outside Suite 1639**
**Los Angeles, California 90012**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed by me on the date indicated below.

Dated: June 20, 2017

_____
Matthew C. Brown