| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Troy A. Stewart, SBN 135764<br>313 E. Broadway, P. O. Box 390<br>Glendale, California 91209-0390<br>(626) 616-9474<br>stewart1985@lawnet.ucla.edu | |

☐ *Individual appearing without attorney*
☒ *Attorney for*  Plaintiff-Debtor Richard S. Kvassay

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>Richard Stephen Kvassay<br><br><br>Debtor(s). | CASE NO.: 11-11698<br>CHAPTER: 7<br>ADVERSARY NO.: 16-01502 |
| Richard Stephen Kvassay<br><br><br>Plaintiff(s),<br><br>vs.<br><br>Robert V. Kvassay, Trustee of the Kvassay Family Trust dated February 26, 1993; Robert V. Kvassay, individually<br><br><br>Defendant. | **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING RE:**  (*title of motion*[1]): Motion for Partial Summary Adjudication |

PLEASE TAKE NOTE that the order or judgment titled [Proposed] Order Granting Plaintiff Richard S. Kvassay's Motion for Partial Summary Adjudication
was lodged on (*date*) __07/24/2017__ and is attached.  This order relates to the motion which is docket number 22__.

---

[1]  Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

P. O. Box 390, Glendale, California 91209-0390

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**  On (date) ___07/26/2017___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Matthew C. Brown
790 East Green Street
Pasadena, California 91101

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) ___07/26/2017___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Deborah J. Saltzman
United States Bankruptcy Court
Edward R. Roybal Federal Building
255 Temple Street, Courtroom 1639 (Bin outside Hall Entrance to Courtroom Chambers)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/26/2017 | Troy A. Stewart | /s/ Troy A. Stewart |
|---|---|---|
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 2                    **F 9021-1.2.ADV.NOTICE.LODGMENT**

1  TROY A. STEWART, SBN 135764
   P.O. Box 390
2  Glendale, California 91209-0390
3  Telephone: (626) 616-9474
   Email: stewart1985@lawnet.ucla.edu
4
5  Attorney for Debtor and Plaintiff
   RICHARD STEPHEN KVASSAY
6
                    **UNITED STATES BANKRUPTCY COURT**
7
8                    **CENTRAL DISTRICT OF CALIFORNIA**

9  In re                                  )  **Case No.: 2:11-bk-11698-DS**
                                          )
10 RICHARD STEPHEN KVASSAY,               )  **Chapter 7**
                                          )
11                Debtor.                 )  **Adversary No. 2:16-ap-01502-DS**
12                                        )
                                          )  **[PROPOSED] ORDER GRANTING**
13 _____   )  **PLAINTIFF RICHARD S. KVASSAY'S**
                                          )  **MOTION FOR PARTIAL SUMMARY**
14 RICHARD STEPHEN KVASSAY,               )  **ADJUDICATION**
15                Plaintiff,              )
                                          )  **[Hearing Date: July 11, 2017]**
16                                        )
17         vs.                            )
                                          )
18 ROBERT V. KVASSAY, TRUSTEE OF THE      )
   KVASSAY FAMILY TRUST DATED             )
19 FEBRUARY 26, 1993; ROBERT V.           )
20 KVASSAY, an individual;                )
                                          )
21                Defendant.              )
22 _____   )

23      Plaintiff RICHARD S. KVASSAY'S motion for partial summary adjudication pursuant to

24 FRCP 56, FRBP 7056, and Local Bankruptcy Rule ("LBR") 7056-1(b)(1), came on for hearing on

25 regular notice on July 11, 2017 in the United States Bankruptcy Court for the Central District of

26 California, at 2:00 p.m., Courtroom 1639, the Honorable Deborah J. Saltzman presiding ("motion").

27 Plaintiff was represented by his counsel, Troy A. Stewart.  Defendants Robert V. Kvassay,
28

individually ("Robert"), and as Trustee of the Kvassay Family Trust ("Trustee"), were represented by their counsel, Matthew C. Brown.

The motion sought a determination as to the dischargeability of:

(1)      a judgment of $212,500 and claim of $187,200 arising from a contract executed by plaintiff and Robert on January 12, 2007 referred to by the parties as the "Working Plan [the 'Working Plan claims'];"

(2)      a $192,660 joint and several judgment against plaintiff dated December 12, 2012 arising from a debt incurred by plaintiff beginning October, 2010 (the "$192,660 judgment");

(3)      attorney's fees and costs of $116,805.37 paid by Trustee beginning July 14, 2010 which Trustee is seeking to "surcharge" against plaintiff's beneficial interest in the Kvassay Family Trust ("Trust") (the "attorney's fees' claim");

(4)      loan payments of $284,114.45 paid by Trustee beginning July 1, 2010 which Trustee is seeking to "surcharge" against plaintiff's beneficial interest in the Trust (the "loan payments' claim"); and

(5)      a $973,500 joint and several judgment against plaintiff dated August 5, 2015 based on a state court finding of acts purportedly committed by plaintiff from July, 2007 through sometime in 2009 (the "973,500 judgment").

The Court considered the motion, including plaintiff's statement of uncontroverted facts and conclusions of law, and declaration, *and* defendants' timely-filed opposition to the motion, *and* heard the oral argument of counsel.  The Court finds and rules as follows:

(1)    there is no triable issue of fact as to whether the Working Plan claims arose before plaintiff filed his bankruptcy petition on January 13, 2011, *and* seek to impose a personal liability against plaintiff, respectively, *and therefore* the Working Plan claims, including the $212,500 judgment, are discharged debts under 11 U.S.C. § 727(b) ("§ 727(b)") *and* the $212,500 judgment is a void judgment under 11 U.S.C. § 524(a)(1) ("§ 524(a)(1)");

(2)    there is no triable issue of fact as to whether the claim underlying the $192,660 judgment arose before plaintiff filed his bankruptcy petition on January 13, 2011, *and* the $192,660 judgment seeks to impose a personal liability against plaintiff *and therefore* the $192,660 judgment is a discharged debt under § 727(b) *and* a void judgment under § 524(a)(1);

(3)    there is no triable issue of fact as to whether  the attorney's fees' claim arose before plaintiff filed his bankruptcy petition on January 13, 2011, *and* seeks to impose a personal liability against plaintiff *and therefore* the attorney's fees' claim is a discharged debt under § 727(b);

(4)    there is no triable issue of fact as to whether the loan payments' claim arose before plaintiff filed his bankruptcy petition on January 13, 2011, *and* seeks to impose a personal liability against plaintiff *and therefore* the loan payments' claim is a discharged debt under § 727(b); and

(5)    there is no triable issue of fact as to whether the $973,500 judgment arose before plaintiff filed his bankruptcy petition on January 13, 2011, *and* the $973,500 judgment seeks to impose a personal liability against plaintiff *and therefore* the $973,500 judgment is a discharged debt under § 727(b) *and* a void judgment under § 524(a)(1);

**THEREFORE, IT IS ORDERED** that:

**1.**    The Working Plan claims, including the $212,500 judgment, are discharged debts under § 727(b) *and* the $212,500 judgment is a void judgment under § 524(a)(1);

**2.**    The $192,660 judgment is a discharged debt under § 727(b) *and* a void judgment under § 524(a)(1);

**3.**    The attorney's fees' claim is a discharged debt under § 727(b);

**4.**    The loan payments' claim is a discharged debt under § 727(b); and

**5.**    The $973,500 judgment is a discharged debt under § 727(b) *and* a void judgment under § 524(a)(1).

### 

Date: July __, 2017                    _____

Deborah J. Saltzman
United States Bankruptcy Judge