TROY A. STEWART, SBN 135764
P.O. Box 390
Glendale, California 91209-0390
Telephone: (626) 616-9474
Email: stewart1985@lawnet.ucla.edu

Attorney for Debtor and Plaintiff
RICHARD STEPHEN KVASSAY

FILED & ENTERED

AUG 23 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>RICHARD STEPHEN KVASSAY,<br><br>Debtor. | **Case No.: 2:11-bk-11698-DS**<br><br>**Chapter 7**<br><br>**Adversary No. 2:16-ap-01502-DS** |
| RICHARD STEPHEN KVASSAY,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT V. KVASSAY, TRUSTEE OF THE KVASSAY FAMILY TRUST DATED FEBRUARY 26, 1993; ROBERT V. KVASSAY, an individual;<br><br>Defendant. | **ORDER GRANTING PLAINTIFF RICHARD S. KVASSAY'S MOTION FOR PARTIAL SUMMARY ADJUDICATION**<br><br>**[Hearing Date: July 11, 2017]** |

Plaintiff Richard S. Kvassay's "Motion for Summary Judgment," (the Motion," Docket No. 22), came on for hearing on regular notice on July 11, 2017 in the United States Bankruptcy Court for the Central District of California, at 2:00 p.m., Courtroom 1639, the Honorable Deborah J. Saltzman

presiding. The above-captioned Plaintiff was represented by his counsel, Troy A. Stewart. Defendants Robert V. Kvassay, individually ("Robert"), and as Trustee of the Kvassay Family Trust ("Trustee"), were represented by their counsel, Matthew C. Brown.

The Motion sought a determination as to the dischargeability of:

(1) a judgment of $212,500 and claim of $187,200 arising from a contract executed by plaintiff and Robert on January 12, 2007 referred to by the parties as the working plan (the 'Working Plan Claims");

(2) a $192,660 joint and several judgment against plaintiff dated December 12, 2012 arising from a debt incurred by plaintiff beginning October, 2010 (the "$192,660 Judgment");

(3) attorney's fees and costs of $116,805.37 paid by Trustee beginning July 14, 2010 which Trustee is seeking to "surcharge" against plaintiff's beneficial interest in the Kvassay Family Trust ("Trust") (the "Attorney's Fees' Claim");

(4) loan payments of $284,114.45 paid by Trustee beginning July 1, 2010 which Trustee is seeking to "surcharge" against plaintiff's beneficial interest in the Trust (the "Loan Payments Claim"); and

(5) a $973,500 joint and several judgment against plaintiff dated August 5, 2015 based on a state court finding of acts purportedly committed by Plaintiff from July, 2007 through sometime in 2009 (the "973,500 Judgment").

The court considered the Motion, including Plaintiff's statement of uncontroverted facts and conclusions of law, and declaration, and the above-captioned Defendants' timely-filed opposition to the Motion, and heard the oral argument of counsel. For the reasons stated on the record at the hearing, the court finds and rules as follows:

(1) there is no triable issue of fact as to whether the Working Plan claims arose before plaintiff filed his bankruptcy petition on January 13, 2011, and seek to impose a personal liability against plaintiff, respectively, and therefore the Working Plan claims, including the $212,500 judgment, are discharged debts under 11 U.S.C. § 727(b) ("§ 727(b)") and the $212,500 judgment is a void judgment under 11 U.S.C. § 524(a)(1);

(2) there is no triable issue of fact as to whether the claim underlying the $192,660 Judgment arose before plaintiff filed his bankruptcy petition on January 13, 2011, and the $192,660 Judgment seeks to impose a personal liability against Plaintiff and therefore the $192,660 Judgment is a discharged debt under § 727(b) and a void judgment under § 524(a)(1);

(3) there is no triable issue of fact as to whether the Attorney's Fees' Claim arose before plaintiff filed his bankruptcy petition on January 13, 2011, and seeks to impose a personal liability against plaintiff and therefore the Attorney's Fees' Claim is a discharged debt under § 727(b);

(4) there is no triable issue of fact as to whether the Loan Payments' Claim arose before Plaintiff filed his bankruptcy petition on January 13, 2011, and seeks to impose a personal liability against plaintiff and therefore the Loan Payments' Claim is a discharged debt under § 727(b); and

(5) there is no triable issue of fact as to whether the claims underlying the $973,500 Judgment arose before Plaintiff filed his bankruptcy petition on January 13, 2011, and the $973,500 Judgment seeks to impose a personal liability against plaintiff and therefore the $973,500 Judgment is a discharged debt under § 727(b) and a void judgment under § 524(a)(1);

**THEREFORE, IT IS ORDERED** that:

**1.** The Working Plan claims, including the $212,500 judgment, are discharged debts under § 727(b) and the $212,500 judgment is a void judgment under § 524(a)(1);

**2.** The $192,660 Judgment is a discharged debt under § 727(b) and a void judgment under § 524(a)(1);

**3.** The Attorney's Fees' Claim is a discharged debt under § 727(b);

**4.** The Loan Payments' Claim is a discharged debt under § 727(b); and

**5.** The $973,500 Judgment is a discharged debt under § 727(b) and a void judgment under § 524(a)(1).

###

Date: August 23, 2017

Deborah J. Saltzman
United States Bankruptcy Judge